IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | ) | |
|     Plaintiff, | ) | Civil Action No. 10-221 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| RAYMOND J. SOBINA, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' partial motion to dismiss [ECF No. 16] be granted. The Clerk of Courts should be directed to terminate the following Defendants from this action: Michael J. Fries, James Morgan, V. Hanson, Joyce Coleman, Scott Whitesell, K. Sutter, Maxine Overton, P. McKissock, R. Weaver, B. Ruth, Officer Benek, and William M. McConnell.

**II.    REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, filed this civil rights action on September 7, 2010. Plaintiff alleges that he was repeatedly assaulted at the State Correctional Institution at Albion ("SCI-Albion"), and he seeks damages and declaratory relief for violations of his constitutional rights under 42 U.S.C. § 1983. Plaintiff's claims arise from three distinct incidents:

    (1) An assault by a correctional officer on June 25, 2007 ("Incident #1");

    (2) An assault by a different correctional officer on July 6, 2007 ("Incident #2"); and

1

(3) An assault by several correctional officers on September 2, 2008 ("Incident #3"). ECF No. 4.

In response to the Complaint, Defendants filed a partial motion to dismiss arguing for dismissal of some claims based upon the time bar of the statute of limitations[1] [ECF No. 16], as well as an answer [ECF No. 18]. Plaintiff has filed a brief in opposition to the pending dispositive motion. ECF No. 20. Presently before the Court is the partial motion to dismiss.

Defendants contend that all claims arising out of Incident #1 and Incident #2 are time-barred and that, as a result, twelve of the thirty-five named Defendants should be terminated from this action as they are only allegedly involved in those incidents. These allegedly time-barred Defendants are: Michael J. Fries, James Morgan, V. Hanson, Joyce Coleman, Scott Whitesell, K. Sutter, Maxine Overton, P. McKissock, R. Weaver, B. Ruth, Officer Benek, and William M. McConnell.[2] This matter is ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

---

[1] The Commonwealth Defendants note that discovery may produce evidence that **all** of the claims may be barred by the statute of limitations. ECF No. 17, page 2 n2.

[2] The partial motion to dismiss seeks the termination of Defendant "Scott" from this action. However, there is no Defendant Scott named as a party to this action.

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also

3

McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme

4

> Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (emphasis added) (internal citations omitted).

### B. Statute of Limitations

Defendants move to dismiss all claims arising from Incident #1 and Incident #2 because they are barred by the statute of limitations. The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations.[3] Wilson v. Garcia, 471 U.S. 261, 266 (1985) (later overruled only as to claims under the Security Exchange Act of 1934). In Pennsylvania, the statute of limitations is two years from the date of the alleged violation. See McCreary v. Redevelopment Authority of The City of Erie, 2011 WL 1848333, at *2 (3d Cir. May 17, 2011) citing Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).

This action was initiated on September 7, 2010, although the Complaint is dated August 31, 2010. Even affording Plaintiff the benefit of the earlier date, the claims arising from Incidents

---

[3] The statute of limitations

> ... are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights. *Crown, Cork & Seal Company v. Parker*, 462 U.S. 345, 352 (1983). Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time." *United States v. Kubrick*, 444 U.S. 111, 117 (1979). The Supreme Court has recognized that statutes of limitations are not "simply technicalities," but rather, "fundamental to a well-ordered judicial system." *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 487 (1980).

United States v. Richardson, 889 F.2d 37, 40 (3d Cir.1989).

#1 and #2 are clearly time-barred. Plaintiff alleges that Incident #1 occurred on June 25, 2007 and Incident #2 occurred on July 6, 2007. To be timely, Plaintiff would have needed to file his complaint by June/July of 2009. These challenged actions are well beyond that date and, therefore, the claims arising from Incidents #1 and #2 are barred by the statute of limitations. As the claims against Defendants Michael J. Fries, James Morgan, V. Hanson, Joyce Coleman, Scott Whitesell, K. Sutter, Maxine Overton, P. McKissock, R. Weaver, B. Ruth, Officer Benek, and William M. McConnell stem only from the time-barred incidents, they should be dismissed from this action.

### E. The Continuing Violation Doctrine

In an effort to save his case from the statute of limitations bar, Plaintiff argues that Defendants' actions constitute a continuing violation and the statute of limitations should be equitably tolled:

> This is a complaint of a continuing wrong that ultimately ended in the 2008 brutal attack [Incident #3] on the plaintiff. In this plaintiff's claims are not barred by the statute of limitation for when such claims are made the statute of limitations does not start until the last incident has occured [sic] and the wrong has ceased.

ECF No. 20, page 2. Thus, Plaintiff in his opposition brief characterizes the three incidents as interrelated, not as discrete occurrences, and he seeks to save claims arising from Incidents #1 and #2 by connecting them to Incident #3.

"The continuing violation doctrine [...] is an 'equitable exception to the timely filing requirement.'" Voices for Independence (VFI) v. Pennsylvania Dept. of Transp., 2007 WL 2905887, at * 4 (W.D.Pa.) quoting Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001). "The application of the continuing violations theory may be appropriate in cases in which a plaintiff can demonstrate that the defendant's allegedly wrongful conduct was part of a practice

6

or pattern of conduct in which he engaged both without and within the limitations period." McAleese v. Brennan, 483 F.3d 206, 218 (3d Cir. 2007) citing West v. Philadelphia Elec. Comp., 45 F.3d 744, 754 (3d Cir.1995). In other words, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. Of Carpenters and Joiners of America, 927 F.2d 1283, 1295 (3d Cir. 1991). See also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Stated in negative terms, a continuing violation is "more than the occurrence of isolated or sporadic acts." Jewett v. International Telephone and Telegraph Corp., 653 F.2d 89, 91 (3d Cir. 1981).

In Cowell, the Third Circuit noted that "the focus of the continuing violations doctrine is on the affirmative acts of the defendants" (id. at 293, citing Delaware State College, 449 U.S. at 258), and set forth three factors that must be considered in applying the doctrine of continuing violation to equitably toll the statute of limitations:

> 1) subject matter - whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation;
>
> 2) frequency - whether the acts are recurring or more in the nature of isolated incidences; and
>
> 3) degree of permanence - whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

Id. at 292.[4]  See also Harris v. Township of O'Hara, 282 Fed.Appx. 172 (3d Cir. 2008).

Plaintiff fails to meet the test for the application of the continuing violations doctrine because the doctrine does not apply when the plaintiff is aware of the injury at the time of

---

[4] The continuing violations doctrine is most typically applied in the context of employment discrimination claims. See generally Morgan, 536 U.S. 101.

7

occurrence. Seawright v. Greenberg, 233 Fed. Appx. 145, 2007 WL 1170704, at *3 (3d. Cir. (Pa.)) quoting Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n.6 (3d Cir 2003). Here, the injuries arising from Incidents #1 and #2 would have been immediately obvious to Plaintiff. Such awareness is apparent from the face of the Complaint. In response to Incident #1, Plaintiff "made numerous verbal and written complaints." ECF No. 4, page 5. In response to Incident #2, Plaintiff "submitted [a] grievance" and "made numerous complaints." ECF No. 4, page 9.

Moreover, despite Plaintiff's assertion in his opposition brief that "[t]his is a complaint of a continuing wrong," the three assaults appear from the Complaint to be isolated and sporadic, not interrelated and frequent. All three incidents involved different Defendants with little overlap. Although the first two incidents occurred within a relatively short time-frame, Incident #3 occurred over a year later. Because Plaintiff was aware of his injuries at the time of their occurrence, and because the incidents were isolated and sporadic, Plaintiff's continuing violation argument fails.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' partial motion to dismiss [ECF No. 16] be granted. The Clerk of Courts should be directed to terminate the following Defendants from this action: Michael J. Fries, James Morgan, V. Hanson, Joyce Coleman, Scott Whitesell, K. Sutter, Maxine Overton, P. McKissock, R. Weaver, B. Ruth, Officer Benek, and William M. McConnell.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within

fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  July 7, 2011