IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | ) | |
| Plaintiff, | ) | Civil Action No. 10-221Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| RAYMOND SOBINA, et al, | ) | |
| Defendants. | ) | Magistrate Judge Baxter |
| | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [ECF No. 63] filed by Defendant Purvis be granted. The Clerk of Courts should be directed to terminate Purvis as a Defendant to this action.

**II.   REPORT**

**A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, filed this civil rights action on September 7, 2010. Plaintiff alleged that he was repeatedly assaulted at the State Correctional Institution at Albion ("SCI-Albion"). Plaintiff named thirty-five individuals as Defendants to this action.

As pled in the original complaint, Plaintiff's claims arose from three distinct incidents: an assault by a correctional officer on June 25, 2007; an assault by a different correctional officer on July 6, 2007; and an assault by several correctional officers on September 2, 2008. ECF No.

1

4. The claims arising out of first two incidents were dismissed from this action based upon the statute of limitations. See ECF Nos. 22, 23.

In his complaint, Plaintiff identifies nine Defendants (Purvis, Fies, Drake, Morales, Dilts, Nichols, Shoulders, Sissem, Walls) as having engaged in the excessive use of force (or in the failure to intervene to stop the excessive force) arising out of the (non-time-barred) incident on September 2, 2008. Plaintiff alleges that Fies, Drake, and Morales smashed him into the hallway wall and then slammed him to the floor. ECF No. 4, ¶¶ 26, 28. Plaintiff claims that while he was on the floor, Purvis was kicking him and Shoulders assaulted him about the head and face. Id. at ¶ 29. Plaintiff also claims that Fies, Drake, Morales and Purvis, together with Dilts and Nichols, rammed him into the doorway while leading him from the hall into the Intake room (id. at ¶ 31), and then the same individuals, without Fies, rammed him into the counter and dropped him to the floor (id. at ¶¶ 32-33). While on the floor in Intake, Plaintiff claims that someone (either Drake, Morales, Nichols, Shoulders, Dilts, Sissem or Walls) was kneeing his head and face and caused a cut near his eye. Id. at ¶ 34.[1]

By Order dated November 1, 2010, this Court directed that service of the complaint be accomplished by the U.S. Marshal as to all Defendants, with costs to be advanced by the government. ECF No. 6. On December 22, 2010, the U.S. Marshal filed the Return of Service Unexecuted as to Defendant Purvis. ECF No. 8. The Return of Service indicated that Defendant Purvis was no longer employed by the Department of Corrections and consequently, the SCI Albion staff was unable to accept service on his behalf. Id.

---

[1] Investigations were conducted by SCI Albion and by the Department of Corrections' Office of Professional Responsibility, which determined that Defendant Purvis used improper levels of force toward plaintiff, kicking or stomping Inmate Sloan while he was on the corridor floor as reflected on a video of the incident. Purvis was suspended and later his employment was terminated. ECF No. 40-2, page 3.

2

In January of 2012, Defendant Purvis filed a motion to dismiss pursuant to Rule 12(b)(5) based upon Plaintiff's failure to properly serve him with the complaint. ECF No. 28. In opposition, Plaintiff filed a legal brief, as well as a motion seeking additional time in which to serve Defendant Purvis. ECF Nos. 36 and 42, respectively.[2]

By Memorandum Order issued July 31, 2012, this Court granted Plaintiff's motion for additional time to accomplish service, directing Plaintiff to file his proper USM-285 forms with the Clerk of Courts within fifteen days. Plaintiff was granted a total of an additional 45 days in which to accomplish service on Purvis with the assistance of the U.S. Marshal Service. The same Memorandum Order denied Purvis' motion to dismiss without prejudice noting that the service issue could be revisited at some future time. ECF No. 50. Purvis appealed this decision to District Judge Sean J. McLaughlin who denied the appeal. ECF Nos. 55, 57.

By Order issued September 10, 2012, this Court directed Plaintiff to show cause for his failure to file the necessary USM-285 forms as directed in the July 31st Memorandum Order. ECF No. 60.

On September 20, 2012, Plaintiff filed a Response to the Show Cause Order (titled as "Motion to Show Cause") in which Plaintiff explains that he completed the USM-285 forms, "addressed it to the Clerk of Courts, and mailed it out on August 10, 2012 by giving it to Correctional Officer J.B. Skrobacz that morning so that it could be mailed out." ECF No. 62. Furthermore, Plaintiff describes that the USM-285 forms indicated that the Marshal should attempt service on Purvis by serving him in care of his attorney[3], Neal Devlin, Esquire. Id.

---

[2] Plaintiff's motion indicated that proper USM-285 forms for Purvis were attached to the motion. However, no such attachments existed.

[3] Purvis has not authorized Attorney Devlin to accept service on his behalf and so any attempt by the U.S. Marshal to serve the complaint through Attorney Devlin is insufficient. See Rule 4(e).

3

Following the expiration of the additional 45 days for service, Purvis filed a renewed motion to dismiss based upon Plaintiff's failure to serve him. ECF No. 63. This Court conducted a telephonic hearing on this matter on October 1, 2012.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same).

#### 2. **Motion to dismiss pursuant to 12(b)(5)**

Proper service "is an essential step in establishing a district court's personal jurisdiction over the defendants." Chiang v. U.S. Small Business Administration, 331 Fed.Appx 113, 116

(3d Cir. 2009). The Federal Rules of Civil Procedure clearly sets out the requirements for service. "If a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). If a plaintiff can show "good cause" for the failure to timely serve a defendant, "the court must extend the time for service for an appropriate period." Id.

*Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel."); Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (explaining that pro se status is not a license to disregard procedural rules); Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 567, 570 (3d Cir. 1996).

This Court must conduct a two-part analysis when determining whether to expand the time for service beyond the original 120-day time period. Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 2009). First, the district court must determine "whether good cause exists for a plaintiff's failure to effect timely service." Id. A showing of good cause "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). The "primary focus" of the good cause inquiry focuses on "the plaintiff's reasons for not complying with the time limit in the first place." Boley, 123 F.3d at 758.

If there is no good cause shown, the court must then "consider whether to grant a discretionary extension of time." Id. Even if good cause is not shown, other factors may warrant

5

an extension of time for service. <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1307 (3d Cir. 1995). A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint. <u>See</u> <u>Chiang</u>, 331 Fed.Appx at 116, <u>citing</u> Fed.R.Civ.P. 4(m), Notes of Advisory Committee on 1993 amendments.

### C. Legal Analysis

Federal Rule of Civil Procedure 4(m) provides that a defendant should be served within 120 days of the filing of the complaint. <u>Id</u>. ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). However, if a plaintiff shows good cause for the failure to serve within 120 days, "the court **must** extend the time for service for an appropriate period." <u>Id</u>. (emphasis added).

In my previous Opinion addressing Plaintiff's failure to accomplish service on Defendant Purvis, I opined:

> Despite the fact that almost two years have passed since the filing of the Complaint, the Court finds that the interests of justice would be best served by providing Plaintiff with one more opportunity to effect proper service upon Defendant Purvis. The Court's decision is informed by two considerations.
>
> First, Defendant Purvis cannot argue that he did not know about being named as a Defendant for his actions of September 2, 2008. The claims arising out of the September 2, 2008 use of force incident were originally included in a civil rights action filed by Mr. Sloan at C.A. No. 09-100E, which included claims arising out of other incidents and one hundred Defendants. That case was filed on June 11,

> 2009, and the docket reflects that service was accomplished on Defendant Purvis, albeit in a round-about manner. As of March 24, 2010, the Office of the Attorney General filed a motion to withdraw their appearance on behalf of Purvis. The motion indicates that the Office of General Counsel for the Governor of the Commonwealth of Pennsylvania decided to deny Commonwealth representation to Purvis and that Purvis had been notified of that decision. ECF No. 53. In that case, the Clerk granted default in favor of Plaintiff against Purvis on May 11, 2010. ECF No. 68. The default was later set aside (see Text Order dated June 17, 2010), and Plaintiff later filed a Third Amended Complaint dropping many of the named Defendants (see ECF No. 126). The filing of the Third Amended Complaint in C.A. No. 09-100E is contemporaneous with the filing of the original complaint in this action.
>
> Moreover, Plaintiff's status as a *pro se* prisoner weighs in favor of granting additional time to cure this procedural deficiency. See Jackson v. City of Pittsburgh, 2007 WL 2571636, at *1 (W.D. Pa. 2007) ("[W]hile Plaintiff's *pro se* status provides no exception to compliance with the Federal Rules of Civil Procedure, the Court takes his status into consideration, which weighs in favor of the Court using its discretion and granting an extension.").

ECF No. 50.

Plaintiff was granted an additional 45 days in which to accomplish service. However, the additional time has now elapsed and service has not been accomplished against Defendant Purvis. Although he claims that he sent the USM-285 forms to the Court in a timely manner and that the mailing was not received by the Court for some unknown reason, it is Plaintiff's lack of diligence in seeking out an address for Purvis in the over two years since he filed this lawsuit in September of 2010 that is determinative of the inquiry on the present motion to dismiss.[4]

In December of 2010, Plaintiff was informed of the Return of Service unexecuted against Purvis. Plaintiff explained that he sent a discovery request to Lt. Franz shortly thereafter seeking an address for Purvis and that request proved unfruitful. In August of 2011 (eleven months after the complaint was filed, and well after the 120-day time limit for service had expired), Plaintiff

---

[4] Plaintiff's lack of diligence in this regard was not known at the time of the July 31st Memorandum Order as Plaintiff had not provided the USM-285 forms. See footnote 2. Only with the USM-285 forms attached to the Response to Show Cause has it become obvious that Plaintiff has no address for Purvis.

7

wrote Attorney Neal Devlin (of whom he was aware from Attorney Devlin's representation of Purvis in the prior case) requesting an address for Purvis and none was provided.

Plaintiff took no further affirmative steps to locate Purvis. Although Plaintiff, as a *pro se* prisoner-litigant with in forma pauperis status, must accomplish service in cooperation with the U.S. Marshal, it is Plaintiff's responsibility to provide proper instructions to the Marshal. Tagliamonte v. Wang, 2012 WL 4055039, at *2 (3d Cir. Sept. 17, 2012). Even after Purvis filed a motion to dismiss in January of 2012 solely on the basis of lack of service, Plaintiff did nothing to seek the address of Purvis, and even today seeks to have the Marshal serve Purvis through the office of his counsel. Plaintiff has not demonstrated "good faith" and/or a "reasonable basis" for his noncompliance over the last 23 months. MCI Telecomms., 71 F.3d at 1097. See also Chiang, 331 Fed.Appx at 116, citing Petrucelli, 46 F.3d at 1312 (equating good cause with the concept of excusable neglect).

Even absent good cause, other factors may warrant an extension of time for service. Petrucelli, 46 F.3d at 1307. The court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint. Chaing, 331 Fed.Appx at 116.

Here, the prejudice to Defendant Purvis is great in that discovery has long since closed. The discovery period has been lengthy and reopening discovery in order to allow Defendant Purvis to re-depose his eleven remaining co- Defendants is prejudicial to the Commonwealth as additional costs will be incurred. Any further delay in the ultimate resolution of this case

prejudices all parties. Defendant Purvis has never avoided service and has not been in hiding. These factors weigh against any further extension of time to accomplish service.

Although Plaintiff is *pro se*, he is an experienced litigant and is knowledgeable as to the Federal Rules of Civil Procedure. While it is true that the statute of limitations has most likely expired on the September 2, 2008 incident that forms the basis of this complaint, this is not enough to overcome the prejudice to the opposing parties. See Chiang, 331 Fed.Appx at 116 ("The running of the statute of limitations may be 'a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m),' Boley, 123 F.3d at 759, but it 'does not *require* the district court to extend time for service of process,' Petrucelli, 46 F.3d at 1306. A district court may 'still dismiss the case, even after considering that the statute of limitations has run and the refilling of an action is barred.' Id.").

Accordingly, the motion to dismiss should be granted in favor of Defendant Purvis.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended the motion to dismiss [ECF No. 63] filed by Defendant Purvis be granted. The Clerk of Courts should be directed to terminate Purvis as a Defendant to this action.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of

appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge

Dated: October 4, 2012