**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AARON SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  10-221 Erie |
| v. | ) | |
| | ) | |
| RAYMOND SOBINA, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM ORDER</u>

McLAUGHLIN, SEAN J., District Judge.

This civil rights action was received by the Clerk of Court on September 7, 2010 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [ECF No. 68], filed on October 4, 2012, recommended that the Motion to Dismiss [ECF No. 63] filed by Defendant Purvis be granted.  The parties were allowed fourteen (14) days from the date of service to file objections.  Objections were filed by the Plaintiff on October 22, 2012 [ECF No. 69] and Defendant Purvis filed a Response on November 5, 2012.  [ECF No. 70].

After <u>de novo</u> review of the documents in the case, together with the Report and Recommendation and Objections thereto, the Court declines to adopt the Report and Recommendation and the Motion to Dismiss filed by Defendant Purvis will be denied.

## I.  BACKGROUND

This case arises out of Plaintiff's incarceration at the State Correctional Institution at Albion ("SCI Albion").  Following several rounds of motions, Plaintiff's remaining claim is that nine Defendants (Purvis, Fies, Drake, Morales, Dilts, Nichols, Shoulders, Sissem,

1

and Walls), engaged in the excessive use of force on September 2, 2008.  Specifically, Plaintiff alleges that Fies, Drake, and Morales smashed him into the hallway and then slammed him to the floor.  [ECF No. 4] ¶¶ 26, 28.  While he was on the floor, Plaintiff claims that Purvis kicked him and Shoulders assaulted him about the face and the head.  *Id*. at ¶¶ 29-30.  Plaintiff further alleges that Fies, Drake, Morales, Purvis, Dilts and Nichols rammed him into the doorway while leading him from the hall into the Intake room, and then the same individuals, without Fies, rammed him into the counter and dropped him to the floor.  *Id*. at ¶¶ 31-33.  Plaintiff contends that while he was on the floor in Intake, one of the Defendants (either Drake, Morales, Nichols, Shoulders, Dilts, Sissem or Walls) repeatedly kneed him in the face and head.  *Id*. at ¶ 34.  Finally, Plaintiff contends that the above named Defendants, along with the remaining Defendants (Caldwell and Vincent), either failed to intervene and/or engaged in a conspiratorial cover-up.  *Id*. at ¶¶ 35-40.[1]

Following the institution of the lawsuit, the Magistrate Judge on November 1, 2010 directed that service of the Complaint be accomplished by the U.S. Marshal.  [ECF No. 6].  On December 22, 2010, the U.S. Marshal filed the Return of Service unexecuted as to Defendant Purvis.  [ECF No. 8].  The Return of Service indicated that Defendant Purvis was no longer employed by the Department of Corrections and that SCI Albion staff was unable to accept service on his behalf.  *Id*.

Thereafter, on January 14, 2011, Plaintiff sent Interrogatories to Lieutenant Franz requesting an address for Defendant Purvis.  [ECF No. 69-1] p. 5.  On February 23, 2011, Lieutenant Franz responded that he did not know Defendant Purvis' last known address.  [ECF No. 69-1] p. 9.  On August 22, 2011, Plaintiff wrote Attorney Neal Devlin and inquired as to whether Attorney Devlin still represented Defendant Purvis and if not,

---

[1] Investigations were conducted by SCI Albion and by the Department of Corrections' Office of Professional Responsibility, which determined that Defendant Purvis used improper levels of force toward the Plaintiff, kicking or stomping him while he was on the corridor floor, as reflected on a video of the incident.  [ECF No. 40-2] p. 4.  Defendant Purvis was suspended and subsequently terminated.  *Id*.

where he could be located.  [ECF No. 29-1].[2]  Apparently Attorney Devlin did not respond to Plaintiff's letter.

On December 7, 2011, Defendant Purvis filed a Motion to Dismiss pursuant to Rule 12(b)(5) based upon the Plaintiff's failure to properly serve him with the Complaint. [ECF No. 28].  Plaintiff filed a brief in opposition, and sought additional time in which to serve Defendant Purvis.  [ECF No. 36] and [ECF No. 42].  On July 31, 2012, the Magistrate Judge held the following:

> Despite the fact that almost two years have passed since the filing of the Complaint, the Court finds that the interests of justice would be best served by providing Plaintiff with one more opportunity to effect proper service upon Defendant Purvis.  The Court's decision is informed by two considerations.
>
> First, Defendant Purvis cannot argue that he did not know about being named as a Defendant for his actions of September 2, 2008.  The claims arising out of the September 2, 2008 use of force incident were originally included in a civil rights action filed by Mr. Sloan at C.A. No. 09-100E, which included claims arising out of other incidents and one hundred Defendants.  That case was filed on June 11, 2009, and the docket reflects that service was accomplished on Defendant Purvis, albeit in a round-about manner.  As of March 24, 2010, the Office of the Attorney General filed a motion to withdraw their appearance on behalf of Purvis. The motion indicates that the Office of General Counsel for the Governor of the Commonwealth of Pennsylvania decided to deny Commonwealth representation to Purvis and that Purvis had been notified of that decision. ECF No. 53.  In that case, the Clerk granted default in favor of Plaintiff against Purvis on May 11, 2010.  ECF No. 68.  The default was later set aside (see Text Order dated June 17, 2010), and Plaintiff later filed a Third Amended Complaint dropping many of the named Defendants (see ECF No. 126).  The filing of the Third Amended Complaint in C.A. No. 09-100E is contemporaneous with the filing of the original complaint in this action.

---

[2] Plaintiff's correspondence to Attorney Devlin stated:

> In the case Sloan v. Sobina, et al. C.A. No. 09-100E you represented one of the defendants by the name of John Purvis.  I would like to know if you are still representing him and if not where can Mr. Purvis be located?  I would highly appreciate your immediate reply to this matter.
> Thank you!

[ECF No. 29-1].

Moreover, Plaintiff's status as a pro se prisoner weighs in favor of granting additional time to cure this procedural deficiency. See <u>Jackson v. City of Pittsburgh</u>, 2007 WL 2571636, at *1 (W.D.Pa. 2007) ("[W]hile Plaintiff's pro se status provides no exception to compliance with the Federal Rules of Civil Procedure, the Court takes his status into consideration, which weighs in favor of the Court using its discretion and granting an extension.").

[ECF No. 50] pp. 3-4.

Plaintiff was granted an additional 45 days in which to accomplish service with the assistance of the U.S. Marshal Service, and he was directed to file the proper USM-285 forms with the Clerk of Courts within fifteen days. [ECF No. 50]. The Magistrate Judge denied Defendant Purvis' Motion to Dismiss without prejudice, noting that the service issue could be revisited in the future. *Id*. Defendant Purvis appealed this decision, and the appeal was denied by the Court on August 23, 2012. [ECF No. 55] and [ECF No. 57].

On September 10, 2012, the Magistrate Judge ordered the Plaintiff to show cause for his failure to file the necessary USM-285 forms as directed in the July 31, 2012 Memorandum Order. [ECF No. 60]. Plaintiff filed a Response on September 20, 2012, and explained that he had completed the USM-285 forms, "addressed to the Clerk of Courts, and mailed out on August 10, 2012 by giving it to Correctional Officer J.B. Skrobacz that morning so that it could be mailed out." [ECF No. 62]. Plaintiff indicated that the USM-285 directed the U.S. Marshal to attempt service on Defendant Purvis in care of his attorney, Neal Devlin. *Id*.

On September 12, 2012, Defendant Purvis filed a renewed Motion to Dismiss pursuant to Rule 12(b)(5) based on Plaintiff's failure to serve him. [ECF No. 63]. The Magistrate Judge conducted a telephonic hearing on October 1, 2012. [ECF No. 71]. Thereafter, the Magistrate Judge concluded that the Plaintiff had failed to properly serve Defendant Purvis pursuant to Rule 4(m), even though he had been granted an extension of time for service, and recommended that Defendant Purvis' Motion to Dismiss be granted. [ECF No. 68]. In making this determination, the Magistrate Judge

found that the Plaintiff had failed to show good cause for the delay in serving Defendant Purvis, and she declined to grant a discretionary extension of time.  [ECF No. 68].

## II.  DISCUSSION

Federal Rule of Civil Procedure 4(m) requires that service upon a defendant be effectuated within 120 days.  "If a defendant is not served within 120 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Fed.R.Civ.P.* 4(m).  In determining whether an action should be dismissed, the court applies a two-step analysis:

> … The district court first determines whether good cause exists for a plaintiff's failure to effect timely service.  If good cause exists, the extension must be granted.  [*Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)]; *see also*, Fed.R.Civ.P. 4(m).  If good cause does not exist, the district court must consider whether to grant a discretionary extension of time.  *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995), *cert. denied*, 519 U.S. 815, 117 S.Ct. 64, 136 L.Ed.2d 25 (1996).

*Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997), *cert. denied*, 522 U.S. 1109, 118 S.Ct. 1038, 140 L.Ed.2d 104 (1998).  In determining whether good cause exists the "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place."  *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995), *cert denied*, 519 U.S. 815, 117 S.Ct. 64, 136 L.Ed.2d 25 (1996).  The Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"  *Id*. (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995)).  In considering whether the plaintiff should be granted a discretionary extension of time under Rule 4(m) in the absence of good cause, the court considers several factors, including actual notice of the legal action; prejudice to the

defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; whether the plaintiff is represented by counsel; and any other factor that may be relevant.  *Chiang v. United States SBA*, 331 Fed. Appx. 113, 116 (3d Cir. 2009).

The Magistrate Judge concluded that Plaintiff failed to establish good cause since he failed to demonstrate "good faith" and/or a "reasonable basis" for his noncompliance over the last 23 months.  [ECF No. 68] p. 8.  The Magistrate Judge found the Plaintiff's "lack of diligence in seeking out an address for Purvis in the over two years since he filed [the] lawsuit" was determinative of the inquiry.  *Id*. at p. 7.  She noted that this "lack of diligence" was not known at the time of her July 21, 2012 Memorandum Order, since the Plaintiff had not attached the USM-285 forms, and that it was only when the forms were attached to the Response to Show Cause that it "[became] obvious that Plaintiff [had] no address for Purvis."  [ECF No. 68] p. 7 n.4.

The Magistrate Judge further concluded that a discretionary extension was not warranted.  She found that the prejudice to Defendant Purvis was "great" in that discovery had long since closed; he had not avoided service; and Plaintiff was an experienced litigant who was knowledgeable as to the Federal Rules of Civil Procedure.  [ECF No. 68] pp. 8-9.  Finally, the Magistrate Judge noted that although the statute of limitations had most likely expired on the September 2, 2008 incident that formed the basis of the Plaintiff's Complaint, this factor was not enough to overcome the prejudice to the opposing parties.  *Id*. at p. 9.

We find that the Plaintiff's efforts to serve Defendant Purvis were reasonable under the circumstances.  During the telephonic hearing, Plaintiff described his efforts at attempting to locate Defendant Purvis' address and the reasons for the delay:

> … [A]ppproximately a week or two after finding out that the service wasn't able to be executed in December 2010, I immediately put in a request motion for discovery to Captain Franz to find out any information about Mr. Purvis so I could contact him.
> The reason I wasn't able to immediately contact Mr. Devlin are because of reasons I cited in his first – Mr. Devlin's first motion to dismiss

is that I had had while I was at Camp – in December 2010, I was at SCI Camp Hill.  And a situation had happened where a flood had happened.  They had took some of my property.  I wasn't able to gain access to my stored legal property, so I didn't immediately have a definite address available to me at that time.

When I got transferred … from SCI Camp Hill to SCI Somerset, and I got to go through my property at SCI Somerset, I found his name and address.  So then when I found his name and his address in August, I immediately wrote to him and asked him to provide me some – if you represent him or if you know his address to where I may be able to contact him at.

And the fact that Mr. Devlin didn't respond to my letter at all delayed the fact that I was able to try to at least serve him.  Until now, he still hasn't provided me no opportunity to serve his client.  If he don't give me no verification that he served Mr. Purvis or that he knows where his address is at or call or write somebody, then I'm not being able to do nothing.

[ECF No. 71] pp. 8-9.[3]  While the Magistrate Judge faults the Plaintiff for his "lack of diligence" in seeking out Defendant Purvis' address, several courts have recognized that a *pro se* prisoner "is limited in his ability to obtain current addresses of former prison employees[.]"  *Cruz v. Britt*, 2012 WL 1933673 at \*3 (M.D.Ga. 2012); *Thomas v. McDowell*, 2011 WL 3438857 at \*3 (S.D.Ohio 2011) ("Plaintiff is limited in his ability to obtain the current address of a former prison employee.  Other courts, too, have acknowledged that this is an issue, especially in light of prison officials' reluctance to provide inmates with the home address of current or former employees."); *Ely v. Smith*, 2008 WL 2076651 at \*2 (E.D.Tenn. 2008) ("[i]t would be virtually impossible for [the plaintiff] to obtain [the officer's] current address since prison guards typically do not want prisoners to have their home addresses, and it is often difficult, if not impossible, for prisoners to learn the current address of such employees").

Here, Plaintiff engaged in several attempts to discover Defendant Purvis' whereabouts in order to serve him.  He first attempted to discover Defendant Purvis' current address through his former employer.  When this proved unfruitful, he contacted

---

[3] The docket entries reflect that Plaintiff's address was changed to SCI Somerset on June 13, 2011.  [ECF No. 21].

Defendant Purvis' counsel and sought the same information.  Plaintiff awaited a response from Attorney Devlin, which of course, never came.  Plaintiff utilized all the logical avenues in order to obtain this information, and failing that, attempted (although improperly) to serve Defendant Purvis through his counsel.  Under these circumstances, we find that good cause has been established.

Even in the absence of good cause, upon consideration of the appropriate factors, we find that a discretionary extension of time for service is independently warranted in this case.  The first factor is whether the defendant received actual notice of the action.  Here, there can be no dispute that Defendant Purvis had actual notice of the lawsuit, since his counsel filed a Motion to Dismiss on the basis of improper service. [ECF No. 28].  Accordingly, Defendant Purvis is aware of the basis of Plaintiff's claims against him.

With regard to the second factor, Defendant Purvis alleges that he would be "substantially and unfairly" prejudiced in his ability to fully and adequately defend himself since numerous depositions have been completed and many parties have been dismissed.  Under the circumstances presented here, it would appear that a limited reopening of discovery would cure any possible prejudice.

The third factor also weighs in favor of the Plaintiff, since, as the Magistrate Judge noted, the statute of limitations has likely expired with respect to the September 2, 2008 incident.  "[T]he running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)." *Boley*, 123 F.3d at 759.  With regard to the fourth factor, namely, the defendant's conduct, although the Plaintiff argues that Defendant Purvis evaded service, the record does not support his allegations.  Therefore, this factor does not dictate a particular result either way.  Finally, the fact that Plaintiff is a prisoner proceeding *pro se* weighs in his favor. *See Jackson v. City of Pittsburgh*, 2007 WL 2571636 at *1 (W.D.Pa. 2007) ("[W]hile Plaintiff's pro se status provides no exception to compliance with the Federal Rules of

Civil Procedure, the Court takes his status into consideration, which weighs in favor of the Court using its discretion and granting an extension.").

For all of the foregoing reasons, Defendant Purvis' Motion to Dismiss will be denied.


AND NOW, this 26th day of March, 2013;

IT IS HEREBY ORDERED that the Motion to Dismiss [ECF No. 63] filed by Defendant Purvis is DENIED.

IT IS FURTHER ORDERED that in order to avoid further unnecessary delay, the Clerk of Courts is directed to mail a Waiver of Service of Summons form, along with a copy of the Complaint, to Neal Devlin, counsel for Defendant Purvis.  Attorney Devlin shall file a notice within ten (10) days from the entry of this Order stating whether Defendant Purvis will waive service and if not, whether counsel will accept service on behalf of Defendant Purvis.

IT IS FURTHER ORDERED that if Defendant Purvis will not waive service, or if counsel will not accept service on his behalf, Attorney Devlin is directed to file under seal within ten (10) days from the entry of this Order, the proper current address for Defendant Purvis so that he may be personally served by the U.S. Marshal.  The Court will thereafter contact the U.S. Marshal Service in order that the Complaint may be properly served on Defendant Purvis.


s/   Sean J. McLaughlin
United States District Judge


cm:    All parties of record
Susan Paradise Baxter, U.S. Magistrate Judge